# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATTI DIRKSEN,<br><br>        Plaintiff,<br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>        Defendant. | CASE NO. 08cv617 BTM(NLS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

Plaintiff and Defendant have filed cross-motions for summary judgment. For the reasons set forth below, Plaintiff's motion is **GRANTED** and Defendant's motion is **DENIED**.

### I. PROCEDURAL BACKGROUND

On January 31, 2005, Plaintiff filed an application for a period of disability and disability benefits under Title II of the Social Security Act. Plaintiff alleged that she became disabled on April 30, 2004, due to bilateral shoulder fractures, bilateral knee arthritis, gout, pain, depression, and anxiety. Plaintiff's claim was denied initially on March 14, 2005, and upon reconsideration on May 12, 2005.

On November 28, 2006, Plaintiff's claim was heard by Administrative Law Judge Peter J. Valentino (the "ALJ"). On December 11, 2006, the ALJ issued a decision denying benefits. Plaintiff filed a request for review with the Appeals Council, which was granted. In an order

dated June 18, 2007, the Appeals Council remanded the case for further consideration and evaluation of certain medical opinions and other evidence.

Upon remand, the ALJ held a second hearing on September 18, 2007. Plaintiff appeared and testified. George Weilepp, M.D., a medical expert, and Mary Jesko, a vocational expert ("VE") also testified at the hearing.

In a decision dated November 30, 2007, the ALJ found that Plaintiff was not disabled. Plaintiff filed a request for review of the ALJ's decision, which was denied. The ALJ's decision then became the final decision of the Commissioner of Social Security. Plaintiff seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

## II. ALJ'S FINDINGS AND CONCLUSIONS

The ALJ found that Plaintiff has the following severe impairments: status post left shoulder fracture with residual pain and limited range of motion; status post right shoulder fracture without significant residuals; bilateral knee arthritis; depressive disorder NOS; generalized anxiety disorder versus anxiety disorder NOS; possible pain disorder; and substance abuse disorder. The ALJ also found that Plaintiff's impairment or combination of impairments do not meet or equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

The ALJ determined that Plaintiff has the residual functional capacity to do sedentary exertional work with no work at or above shoulder level, no work operating industrial vehicles, no work at unprotected heights or around dangerous machinery, and unskilled work with limited public contact due to her mental condition. Based on the VE's testimony, the ALJ concluded that although Plaintiff could not perform her past relevant work, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform – specifically, bench hand assembler ("Bench Hand"- DOT 715.684-026), stuffer filler ("Stuffer" - DOT 731.685-014), and final assembler ("Final Assembler" - DOT 713.687-018).[1]

---

[1] Under the Social Security Regulations, the determination of whether a claimant is disabled within the meaning of the Social Security Act is a five step process. The five steps are as follows: (1) Is the claimant presently working in any substantially gainful activity? If

## III. STANDARD

The Commissioner's denial of benefits may be set aside if it is based on legal error or is not supported by substantial evidence. Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance. Id. Substantial evidence is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Flaten v. Secretary of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995).

## IV. DISCUSSION

Plaintiff argues that the ALJ's decision must be vacated because the ALJ failed to ask the VE whether her testimony conflicted with the Dictionary of Occupation Titles ("DOT") and, if so, whether there was a reasonable explanation for the conflict. The Court agrees.

Under SSR 00-4p, the ALJ has an affirmative duty to ask about "any possible conflict" between the VE evidence and information provided in the DOT. The ALJ must (1) ask the VE if the evidence he or she provided conflicts with information provided in the DOT; and (2) if the VE's evidence appears to conflict with the DOT, must obtain a reasonable explanation for the apparent conflict. A reasonable explanation for a conflict may be based on information that is not included in the DOT – e.g., information obtained directly from employers or other publications about a particular job's requirements or information based on the VE's own experience in job placement or career counseling. SSR 00-4p.

In Massachi v. Astrue, 486 F.3d 1149 (9th Cir. 2007), the Ninth Circuit held that the

---

so, then the claimant is not disabled. If not, then the evaluation proceeds to step two. (2) Is the claimant's impairment severe? If not, then the claimant is not disabled. If so, then the evaluation proceeds to step three. (3) Does the impairment "meet or equal" one of a list of specific impairments set forth in Appendix 1 to Subpart P of Part 404? If so, then the claimant is disabled. If not, then the evaluation proceeds to step four. (4) Is the claimant able to do any work that she has done in the past? If so, then the claimant is not disabled. If not, then the evaluation proceeds to step five. (5) Is the claimant able to do any other work? If not, then the claimant is disabled. If, on the other hand, the Commissioner can establish that there are a significant number of jobs in the national economy that the claimant can do, the claimant is not disabled. 20 C.F.R. § 404.1520. See also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

ALJ must perform the inquiries under SSR 00-4p before relying on a VE's testimony regarding the requirements of a particular job.  If the ALJ fails to do so despite a potential conflict between the VE's testimony and the DOT, the Court cannot determine whether the ALJ's decision that the plaintiff can perform other work was supported by substantial evidence and, therefore, must remand the case.  Id. at 1154.

In this case, the ALJ never asked the VE whether her testimony was consistent with the DOT - the ALJ just assumed that it was.  In fact, there is a question whether the VE's testimony conflicted with the DOT.  The DOT descriptions for the jobs identified by the VE require "reaching frequently" or "reaching constantly."  "Reaching," as defined by the Selected Characteristics of Occupations (DOT's companion volume), involves "extending hand(s) and arm(s) in any direction."  Selected Characteristics of Occupations, App. C.

The Government argues that the VE "presumably took into account" Plaintiff's limitation regarding reaching at or above the shoulder level and that there is no conflict between the VE's testimony and the DOT information because the DOT "lists the maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings."  SSR 00-4p.  However, the Court cannot *presume* that the VE gave consideration to whether the reaching required in the jobs she identified entail reaching at or above the shoulder.  Although it is possible that the jobs identified by the VE do not, in certain settings, require reaching at or above the shoulder, no such testimony was elicited by the ALJ.

The Court finds the case of Prochaska v. Barnhart, 454 F.3d 731 (7th Cir. 2006), to be instructive.  In Prochaska, the plaintiff argued that the jobs identified by the VE required specific physical capabilities that were beyond her limitations.  Although the ALJ asked the expert about work that could be done by someone who could only "occasionally reach above shoulder level," the VE testified that the plaintiff could perform the job of cashier, which, according to the DOT, involves "reaching frequently."  The Seventh Circuit vacated the district court's judgment upholding the Commissioner's decision and remanded the case to the ALJ, explaining:

> It is not clear to us whether the DOT's requirements include reaching above shoulder level, and this is exactly the sort of inconsistency the ALJ should have resolved with the expert's help. We cannot determine, based on the record, whether the expert's testimony regarding . . . reaching was actually inconsistent with the DOT. That determination should have been made by the ALJ in the first instance, and his failure to do so should have been identified and corrected by the Appeals Council. We will defer to an ALJ's decision if it is supported by "substantial evidence," but here there is an unresolved potential inconsistency in the evidence that should have been resolved.

Id. at 736.

As in Prochaska, here there was a potential inconsistency between the VE's testimony and the DOT. It was the ALJ's affirmative duty to ask whether there was a conflict and, if so, whether there was a reasonable explanation for it. Because the ALJ failed to perform the appropriate inquiries under SSR 00-4p, the Court cannot determine whether substantial evidence supports the ALJ's finding that Plaintiff can perform other work. Therefore, the Court remands the case so that the ALJ can comply with SSR 00-4p's requirements.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's motion for summary judgment is **GRANTED** and Defendant's motion for summary judgment is **DENIED**. The Court **REMANDS** this case to the Commissioner of Social Security for further proceedings consistent with this opinion. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: February 18, 2009

*/s/ Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge